[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant William H. Johnson, Jr., was found guilty by a jury of abduction and felonious assault in 1986. Johnson received consecutive sentences of incarceration of three to ten years and twelve to ten years, respectively. Earlier this year, Johnson appeared before the same trial court responsible for his original trial and sentencing and was adjudicated a sexual predator. Johnson now objects to this designation and, in his sole assignment of error, claims that insufficient evidence was presented to support his adjudication as a sexual predator. We disagree.
R.C. 2950.01(E) defines a sexual predator as a person who has been found guilty of a sexually-oriented offense and is "likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(D)(3) defines felonious assault as a sexually-oriented offense if the purpose of the assault is to "gratify the sexual needs or desire of the offender." R.C. 2950.09(C)(2)(b) requires that a person who was found guilty of a sexually-oriented offense before 1997, and is still incarcerated for the offense, be proved a sexual predator by clear and convincing evidence. Clear and convincing evidence is more than a preponderance of the evidence, but less than the certainty required to convict a criminal defendant beyond a reasonable doubt.[1] Clear and convincing evidence produces in the mind of the trier of facts "a firm belief or conviction as to the facts sought to be established."[2] To assist the trial court in deciding whether a sexually-oriented offender is likely to re-offend, R.C. 2950.09(B)(2) provides a non-exclusive list of factors to be considered.
Johnson does not contest that, during the felonious assault for which he was convicted in 1986, he repeatedly struck the young female victim in the face until she was unconscious, dragged her into the woods, and ripped off her blouse. These undisputed facts establish by clear and convincing evidence that the felonious assault was carried out to gratify Johnson's sexual needs or desires.
Johnson's prior criminal record also establishes by clear and convincing evidence the likelihood that he will offend in the future. The pre-sentence investigation admitted into evidence at the sexual-predator hearing showed that Johnson had previously been sentenced for two counts of felonious assault and one count each of abduction and forcible rape. After serving a little over seven years in confinement on these convictions, Johnson was released and within six months committed the very similar crime for which he is now incarcerated.
Johnson's attempts at rehabilitation are commendable. Johnson represented to the trial court that he had completed many of the programs available to him in prison over the last fourteen tears. But, given the viciousness of the original offense, Johnson's remarkably similar prior convictions, and the short period of time in which he re-offended upon release, sufficient evidence existed to support an adjudication designating Johnson a sexual predator.
Therefore, we affirm the judgment of the trial court. Further, a certified copy of this Judgment Entry shall constitute the mandate to be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 ____________________ Gorman, P.J.
Painter and Sundermann, JJ.
[1] Cross v. Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus.
[2] Id.